IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEDCOMM LLC<br><br>*Plaintiff,*<br><br>v.<br><br>WALMART INC. AND WAL-MART STORES TEXAS, LLC<br><br>*Defendants.* | §<br>§<br>§<br>§  C.A. No. 2:21-cv-00091-JRG-RSP<br>§<br>§<br>§  **JURY TRIAL DEMANDED**<br>§<br>§<br>§ |

**WALMART INC. AND WAL-MART STORES TEXAS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES
TO LEDCOMM LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart") respond to Plaintiff LedComm LLC's ("LedComm") Complaint as follows:

Walmart denies infringement of any asserted claim of any Patent-in-Suit and denies that LedComm is entitled to the relief requested or any other relief. Walmart further denies each and every allegation contained in the Complaint unless expressly admitted in the following paragraphs. Any admitted factual allegation in the Complaint is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

## SUMMARY

1. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the allegations.

2. Walmart admits that it markets, offers for sale, sells, and distributes Great Value and Hyper Tough lighting products throughout the United States, including in this District. Walmart denies the remaining allegations in Paragraph 2 of the Complaint.

3. Walmart denies that Walmart has caused any harm or that it owes any compensation to LedComm. Walmart denies the remaining allegations in Paragraph 3 of the Complaint.

## NATURE OF THE ACTION

4. Walmart admits that the Complaint purports to set forth an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. Walmart denies the allegations of Paragraph 5 of the Complaint, including any allegation that it has infringed or continues to infringe, directly or indirectly, any claim of the Patents-in-Suit.

6. Walmart denies infringement of the Patents-in-Suit. Walmart denies that LedComm is entitled to monetary damages. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and therefore denies the allegations.

## THE PARTIES

7. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies the allegations.

8. Walmart Inc. admits that it is a Delaware corporation with a place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and that it may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan St, Suite 900, Dallas, TX 75201. Walmart Inc. denies the remaining allegations in Paragraph 8 of the Complaint. The allegations of Paragraph 8 of the Complaint are not directed to Wal-Mart Stores Texas, LLC and therefore no response is required from same.

9. Wal-Mart Stores Texas, LLC admits that it is a Delaware limited liability company and a subsidiary of Walmart Inc. with a place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and that it may be served with process through its registered agent, C T

Corporation System, located at 1999 Bryan St, Suite 900, Dallas, TX 75201.  Wal-Mart Stores Texas, LLC denies the remaining allegations in Paragraph 9 of the Complaint.  The allegations of Paragraph 9 of the Complaint are not directed to Wal-Mart Inc. and therefore no response is required from same.

10. Walmart admits that there are 19 Walmart distribution centers and less than 600 retail Walmart locations in the State of Texas.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies the allegations.

11. Walmart admits that there is a Walmart distribution center located at 2120 Stemmons Fwy., Sanger, Texas 76266, and that it is located in this District.  Walmart admits that there is a Walmart distribution center located at 201 Old Elkhart Rd., Palestine, Texas 75801, and that it is located in this District.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and therefore denies the allegations.

12. Walmart admits that there is a Walmart fulfillment center located at 15101 N. Beach St., Fort Worth, Texas 76177, and denies that it is located in this District.  Walmart admits that there is a Walmart technology center located at 5830 Granite Pkwy., Plano, Texas 75024, and that it is located in this District.

13. Walmart denies the allegations of Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. Walmart does not dispute this Court's subject matter jurisdiction over the allegations in the Complaint solely for the purposes of this action, and admits that the Complaint purports to be a civil action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. § 1 et seq.  To the extent the allegations of Paragraph 14 of the Complaint call for a legal conclusion, no response is required.

15. Walmart does not dispute this Court's personal jurisdiction over Walmart solely for the purposes of this action.  To the extent the allegations of Paragraph 15 of the Complaint call for a legal conclusion, no response is required.  Walmart denies the remaining allegations of Paragraph 15 of the Complaint, including, without limitation, any allegation that Walmart has committed patent infringement.

16. Walmart does not dispute that venue is proper in this District solely for the purposes of this action. To the extent the allegations of Paragraph 16 of the Complaint call for a legal conclusion, no response is required.  Walmart denies the remaining allegations of Paragraph 16 of the Complaint.

## PATENTS-IN-SUIT

### U.S. Patent No. 6,803,606 (the "'606 Patent")

17. Walmart admits that, on its face, the '606 Patent states that the title is "Light Emitting Device and Manufacturing Method Thereof" and that the date of the patent is October 12, 2004.  Walmart admits that a purported copy of the '606 Patent was attached to the Complaint.

18. Walmart admits that, on its face, the '606 Patent states that it was filed on March 18, 2003 as U.S. Patent Application No. 10/390,180, and that it claims priority to Japanese Patent Application 2002-078119 filed March 20, 2002.

19. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies the allegations.

20. Walmart denies the allegations of Paragraph 20 of the Complaint.

21. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies the allegations.

22. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies the allegations.

## U.S. Patent No. 6,982,522 (the "'522 Patent")

23. Walmart admits that, on its face, the '522 Patent states that the title is "LED Device Including Phosphor Layers on the Reflecting Surface" and that the date of the patent is January 3, 2006. Walmart admits that a purported copy of the '522 Patent was attached to the Complaint.

24. Walmart admits that, on its face, the '522 Patent states that it was filed on September 23, 2003 as U.S. Patent Application No. 10/667,669, and that it claims priority to Japanese Patent Application 2002-293693 filed October 7, 2002.

25. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies the allegations.

26. Walmart denies the allegations of Paragraph 26 of the Complaint.

27. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies the allegations.

28. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies the allegations.

29. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies the allegations.

### U.S. Patent No. 7,012,277 (the "'277 Patent")

30. Walmart admits that, on its face, the '277 Patent states that the title is "Semiconductor Light Emitting Device" and that the date of the patent is March 14, 2006. Walmart admits that a purported copy of the '277 Patent was attached to the Complaint.

31. Walmart admits that, on its face, the '277 Patent states that it was filed on December 23, 2003 as U.S. Patent Application No. 10/745,764, and that it claims priority to Japanese Patent Application 2003-000216 filed January 6, 2003.

32. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies the allegations.

33. Walmart denies the allegations of Paragraph 33 of the Complaint.

34. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore denies the allegations.

35. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies the allegations.

36. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies the allegations.

### U.S. Patent No. 7,154,125 (the "'125 Patent")

37. Walmart admits that, on its face, the '125 Patent states that the title is "Nitride-Based Semiconductor Light-Emitting Device and Manufacturing Method Thereof" and that the date of the patent is December 26, 2006. Walmart admits that a purported copy of the '125 Patent was attached to the Complaint.

38. Walmart admits that, on its face, the '125 Patent states that it was filed on April 23, 2003 as U.S. Patent Application No. 10/422,404, and that it claims priority to Japanese Patent Application 2002-120576 filed April 23, 2002.

39. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies the allegations.

40. Walmart denies the allegations of Paragraph 40 of the Complaint.

41. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore denies the allegations.

42. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies the allegations.

43. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies the allegations.

### U.S. Patent No. 7,161,190 (the "'190 Patent")

44. Walmart admits that, on its face, the '190 Patent states that the title is "Semiconductor Light-Emitting Device and Method of Manufacturing the Same" and that the date of the patent is January 9, 2007.  Walmart admits that a purported copy of the '190 Patent was attached to the Complaint.

45. Walmart admits that, on its face, the '190 Patent states that it was filed on August 1, 2005 as U.S. Patent Application No. 11/193,364, and that it claims priority to Japanese Patent Application 2004-225951 filed August 2, 2004.

46. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and therefore denies the allegations.

47. Walmart denies the allegations of Paragraph 47 of the Complaint.

48. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and therefore denies the allegations.

49. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and therefore denies the allegations.

50.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and therefore denies the allegations.

### U.S. Patent No. 7,301,176 (the "'176 Patent")

51.     Walmart admits that, on its face, the '176 Patent states that the title is "Semiconductor Light Emitting Device and Fabrication Method Thereof" and that the date of the patent is November 27, 2007. Walmart admits that a purported copy of the '176 Patent was attached to the Complaint.

52.     Walmart admits that, on its face, the '176 Patent states that it was filed on April 22, 2005 as U.S. Patent Application No. 11/112,215, and that it claims priority to Japanese Patent Application 2004-131774 filed April 27, 2004.

53.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and therefore denies the allegations.

54.     Walmart denies the allegations of Paragraph 54 of the Complaint.

55.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and therefore denies the allegations.

56.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore denies the allegations.

57.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore denies the allegations.

### U.S. Patent No. 7,490,959 (the "'959 Patent")

58.     Walmart admits that, on its face, the '959 Patent states that the title is "Light Emitting Apparatus, Backlight Apparatus, and Electronic Apparatus" and that the date of the patent is February 17, 2009. Walmart admits that a purported copy of the '959 Patent was attached to the Complaint.

59. Walmart admits that, on its face, the '959 Patent states that it was filed on December 14, 2006 as U.S. Patent Application No. 11/639,806, and that it claims priority to Japanese Patent Application 2005-363886 filed December 16, 2005.

60. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and therefore denies the allegations.

61. Walmart denies the allegations of Paragraph 61 of the Complaint.

62. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and therefore denies the allegations.

63. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and therefore denies the allegations.

64. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and therefore denies the allegations.

### U.S. Patent No. 8,441,022 (the "'022 Patent")

65. Walmart admits that, on its face, the '022 Patent states that the title is "Semiconductor Light-Emitting Device" and that the date of the patent is May 14, 2013. Walmart admits that a purported copy of the '022 Patent was attached to the Complaint.

66. Walmart admits that, on its face, the '022 Patent states that it was filed on May 20, 2011 as U.S. Patent Application No. 13/112,405, and that it claims priority to Japanese Patent Application 2010-117807 filed May 21, 2010.

67. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint and therefore denies the allegations.

68. Walmart denies the allegations of Paragraph 68 of the Complaint.

69. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint and therefore denies the allegations.

70. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint and therefore denies the allegations.

71. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint and therefore denies the allegations.

**COUNT I: ALLEGED INFRINGEMENT OF THE '606 PATENT**

72. Walmart restates and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 71 of the Complaint, as if fully set forth herein.

73. Walmart denies the allegations of Paragraph 73 of the Complaint.

74. Walmart denies the allegations of Paragraph 74 of the Complaint.

75. Walmart denies the allegations of Paragraph 75 of the Complaint.

76. Walmart denies the allegations of Paragraph 76 of the Complaint.

77. Walmart denies the allegations of Paragraph 77 of the Complaint.

78. Walmart denies the allegations of Paragraph 78 of the Complaint.

79. Walmart denies the allegations of Paragraph 79 of the Complaint.

80. Walmart denies the allegations of Paragraph 80 of the Complaint.

81. Walmart denies the allegations of Paragraph 81 of the Complaint.

82. Walmart denies the allegations of Paragraph 82 of the Complaint.

83. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint and therefore denies the allegations.

84. Walmart denies the allegations of Paragraph 84 of the Complaint.

**COUNT II: ALLEGED INFRINGEMENT OF THE '522 PATENT**

85. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 84 of the Complaint, as if fully set forth herein.

86. Walmart denies the allegations of Paragraph 86 of the Complaint.

87. Walmart denies the allegations of Paragraph 87 of the Complaint.

88. Walmart denies the allegations of Paragraph 88 of the Complaint.

89. Walmart denies the allegations of Paragraph 89 of the Complaint.

90. Walmart denies the allegations of Paragraph 90 of the Complaint.

91. Walmart denies the allegations of Paragraph 91 of the Complaint.

92. Walmart denies the allegations of Paragraph 92 of the Complaint.

93. Walmart denies the allegations of Paragraph 93 of the Complaint.

94. Walmart denies the allegations of Paragraph 94 of the Complaint.

95. Walmart denies the allegations of Paragraph 95 of the Complaint.

96. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint and therefore denies the allegations.

97. Walmart denies the allegations of Paragraph 97 of the Complaint.

### COUNT III:  ALLEGED INFRINGEMENT OF THE '277 PATENT

98. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 97 of the Complaint, as if fully set forth herein.

99. Walmart denies the allegations of Paragraph 99 of the Complaint.

100. Walmart denies the allegations of Paragraph 100 of the Complaint.

101. Walmart denies the allegations of Paragraph 101 of the Complaint.

102. Walmart denies the allegations of Paragraph 102 of the Complaint.

103. Walmart denies the allegations of Paragraph 103 of the Complaint.

104. Walmart denies the allegations of Paragraph 104 of the Complaint.

105. Walmart denies the allegations of Paragraph 105 of the Complaint.

106. Walmart denies the allegations of Paragraph 106 of the Complaint.

107. Walmart denies the allegations of Paragraph 107 of the Complaint.

108. Walmart denies the allegations of Paragraph 108 of the Complaint.

109. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint and therefore denies the allegations.

110. Walmart denies the allegations of Paragraph 110 of the Complaint.

## COUNT IV: ALLEGED INFRINGEMENT OF THE '125 PATENT

111. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 110 of the Complaint, as if fully set forth herein.

112. Walmart denies the allegations of Paragraph 112 of the Complaint.

113. Walmart denies the allegations of Paragraph 113 of the Complaint.

114. Walmart denies the allegations of Paragraph 114 of the Complaint.

115. Walmart denies the allegations of Paragraph 115 of the Complaint.

116. Walmart denies the allegations of Paragraph 116 of the Complaint.

117. Walmart denies the allegations of Paragraph 117 of the Complaint.

118. Walmart denies the allegations of Paragraph 118 of the Complaint.

119. Walmart denies the allegations of Paragraph 119 of the Complaint.

120. Walmart denies the allegations of Paragraph 120 of the Complaint.

121. Walmart denies the allegations of Paragraph 121 of the Complaint.

122. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the Complaint and therefore denies the allegations.

123. Walmart denies the allegations of Paragraph 123 of the Complaint.

## COUNT V: ALLEGED INFRINGEMENT OF THE '190 PATENT

124. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 123 of the Complaint, as if fully set forth herein.

125. Walmart denies the allegations of Paragraph 125 of the Complaint.

126. Walmart denies the allegations of Paragraph 126 of the Complaint.

127. Walmart denies the allegations of Paragraph 127 of the Complaint.

128. Walmart denies the allegations of Paragraph 128 of the Complaint.

129. Walmart denies the allegations of Paragraph 129 of the Complaint.

130. Walmart denies the allegations of Paragraph 130 of the Complaint.

131. Walmart denies the allegations of Paragraph 131 of the Complaint.

132. Walmart denies the allegations of Paragraph 132 of the Complaint.

133. Walmart denies the allegations of Paragraph 133 of the Complaint.

134. Walmart denies the allegations of Paragraph 134 of the Complaint.

135. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 of the Complaint and therefore denies the allegations.

136. Walmart denies the allegations of Paragraph 136 of the Complaint.

## COUNT VI: ALLEGED INFRINGEMENT OF THE '176 PATENT

137. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 136 of the Complaint, as if fully set forth herein.

138. Walmart denies the allegations of Paragraph 138 of the Complaint.

139. Walmart denies the allegations of Paragraph 139 of the Complaint.

140. Walmart denies the allegations of Paragraph 140 of the Complaint.

141. Walmart denies the allegations of Paragraph 141 of the Complaint.

142. Walmart denies the allegations of Paragraph 142 of the Complaint.

143. Walmart denies the allegations of Paragraph 143 of the Complaint.

144. Walmart denies the allegations of Paragraph 144 of the Complaint.

145. Walmart denies the allegations of Paragraph 145 of the Complaint.

146. Walmart denies the allegations of Paragraph 146 of the Complaint.

147. Walmart denies the allegations of Paragraph 147 of the Complaint.

148. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of the Complaint and therefore denies the allegations.

149. Walmart denies the allegations of Paragraph 149 of the Complaint.

### COUNT VII:  ALLEGED INFRINGEMENT OF THE '959 PATENT

150. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 149 of the Complaint, as if fully set forth herein.

151. Walmart denies the allegations of Paragraph 151 of the Complaint.

152. Walmart denies the allegations of Paragraph 152 of the Complaint.

153. Walmart denies the allegations of Paragraph 153 of the Complaint.

154. Walmart denies the allegations of Paragraph 154 of the Complaint.

155. Walmart denies the allegations of Paragraph 155 of the Complaint.

156. Walmart denies the allegations of Paragraph 156 of the Complaint.

157. Walmart denies the allegations of Paragraph 157 of the Complaint.

158. Walmart denies the allegations of Paragraph 158 of the Complaint.

159. Walmart denies the allegations of Paragraph 159 of the Complaint.

160. Walmart denies the allegations of Paragraph 160 of the Complaint.

161. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the Complaint and therefore denies the allegations.

162. Walmart denies the allegations of Paragraph 162 of the Complaint.

### COUNT VIII:  ALLEGED INFRINGEMENT OF THE '022 PATENT

163. Walmart restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 162 of the Complaint, as if fully set forth herein.

164. Walmart denies the allegations of Paragraph 164 of the Complaint.

165. Walmart denies the allegations of Paragraph 165 of the Complaint.

166. Walmart denies the allegations of Paragraph 166 of the Complaint.

167. Walmart denies the allegations of Paragraph 167 of the Complaint.

168. Walmart denies the allegations of Paragraph 168 of the Complaint.

169. Walmart denies the allegations of Paragraph 169 of the Complaint.

170. Walmart denies the allegations of Paragraph 170 of the Complaint.

171. Walmart denies the allegations of Paragraph 171 of the Complaint.

172. Walmart denies the allegations of Paragraph 172 of the Complaint.

173. Walmart denies the allegations of Paragraph 173 of the Complaint.

174. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 of the Complaint and therefore denies the allegations.

175. Walmart denies the allegations of Paragraph 175 of the Complaint.

### PLAINTIFF'S JURY DEMAND

LedComm's jury demand does not require a response by Walmart.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Walmart denies that LedComm is entitled to any relief in connection with the allegations of the Complaint, including but not limited to any of the relief sought in Paragraphs A-F of the Complaint.

## AFFIRMATIVE DEFENSES

Walmart incorporates by reference as if fully set forth herein its responses to Paragraphs 1–175 of the Complaint.  Walmart denies any allegations in the Complaint not specifically admitted above.  Without assuming any burden other than that imposed by operation of law and without reducing or removing LedComm's burdens of proof as to its claims, Walmart alleges and asserts the following defenses in response to LedComm's Complaint and LedComm's assertion that Walmart infringes the Patents-in-Suit, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition, Walmart reserves the right to add additional defenses and counterclaims that become known hereafter through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### Non-Infringement

1.      Walmart has not infringed and does not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the Patents-in-Suit, under any theory of infringement, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), willfully, or otherwise.

## SECOND AFFIRMATIVE DEFENSE
### Invalidity

2.      Walmart re-alleges and incorporates by reference the allegations contained in the above paragraphs of these Affirmative Defenses, as if fully set forth herein.

3. The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of the United States code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### Failure to State a Claim for Induced Infringement

4. Walmart re-alleges and incorporates by reference the allegations contained in the above paragraphs of these Affirmative Defenses, as if fully set forth herein.

5. LedComm's Complaint fails to state a claim for induced infringement.

6. For example, the Complaint fails to plead factual allegations supporting Walmart's knowledge of or willful blindness to the Patents-in-Suit or alleged infringement before the filing of this suit.

7. The Complaint also fails to plead factual allegations supporting a specific intent to induce infringement of each Patent-in-Suit.

8. Additionally, the Complaint fails to plead active steps taken by Walmart to encourage a direct infringement. For example, LedComm's Complaint cites to Walmart.com webpages. However, identifying a product on a website is not an active step encouraging direct infringement. Further, the Complaint fails to explain how any particular information contained within any cited webpage from Walmart.com instructs on an infringing use.

9. Accordingly, LedComm's Complaint fails to state a claim for induced infringement of any Patent-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE
### Failure to State a Claim for Contributory Infringement

10. Walmart re-alleges and incorporates by reference the allegations contained in the above paragraphs of these Affirmative Defenses, as if fully set forth herein.

11. LedComm's Complaint fails to state a claim for contributory infringement.

12. For example, the Complaint fails to identify any component that is sold or offered for sale by Walmart that is incorporated into an accused product for use in practicing a patented process.

13. The Complaint also fails to plead factual allegations supporting Walmart's knowledge of or willful blindness to any alleged infringement thereby.

14. Additionally, the Complaint fails to allege any facts supporting its conclusion that any component of any accused product: a) constitutes a material part of an invention, b) is especially made or especially adapted for use in an infringement of a Patent-in-Suit, or Walmart's knowledge thereof, or c) is not a staple article or commodity of commerce suitable for substantial noninfringing use.

15. The contributory infringement allegations of the Complaint are conclusory.

16. Accordingly, LedComm's Complaint fails to state a claim for contributory infringement of any Patent-in-Suit.

**FIFTH AFFIRMATIVE DEFENSE**
**Failure to Mark**

17. Walmart re-alleges and incorporates by reference the allegations contained in the above paragraphs of these Affirmative Defenses, as if fully set forth herein.

18. LedComm's Complaint fails to plead any factual allegations supporting its conclusion that LedComm complied with the marking requirements of 35 U.S.C. § 287.

19. For example, in its Complaint, LedComm does not identify its products or the products of its licensees that may embody or otherwise practice any claim of a Patent-in-Suit. Additionally, LedComm does not allege that it has required licensees to mark, nor that licensees have in fact marked, each embodying product, if any.

20. LedComm and/or its licensees have failed to comply with the marking requirements of 35 U.S.C. § 287 or otherwise give proper notice that Walmart's actions allegedly infringed any claim of the Patents-in-Suit. Walmart is not liable to LedComm for the acts alleged to have been performed before Walmart received actual notice that it was allegedly infringing the Patents-in-Suit.

21. Because LedComm has not complied with the notice and/or marking requirements of 35 U.S.C. § 287, LedComm is not entitled to damages or any other relief under 35 U.S.C. §§ 284 or 285, or otherwise, for each Patent-in-Suit prior to providing Walmart actual notice of its alleged infringement of such patent.

## SIXTH AFFIRMATIVE DEFENSE
### Time Limitations on Damages

22. Walmart re-alleges and incorporates by reference the allegations contained in the above paragraphs of these Affirmative Defenses, as if fully set forth herein.

23. LedComm's claim for damages is barred, in whole or in part, under 35 U.S.C. § 286, which provides that no recovery shall be had for any alleged infringement committed more than six years prior to the filing of a complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### Prosecution History Estoppel and Disclaimer

24. Walmart re-alleges and incorporates by reference the allegations contained in the above paragraphs of these Affirmative Defenses, as if fully set forth herein.

25. LedComm is precluded from asserting or construing any valid claim of the Patents-in-Suit to be infringed, literally or under the Doctrine of Equivalents, to the extent that LedComm made admissions, omissions, arguments, amendments, representations, disclaimers, disavowals, and/or statements to the U.S. Patent and Trademark Office (a) during prosecution of the Patents-in-Suit, (b) in the specification and claims of the Patents-in-Suit, and/or (c) during the prosecution

of patents and applications related to the Patents-in-Suit that surrendered scope of the claims. LedComm is forbidden from recapturing any subject matter that it surrendered.

## RESERVATION OF RIGHTS

26. Walmart reserves the right to add any additional defenses, affirmative defense, and/or counterclaims that discovery may reveal.

DATED: May 14, 2021                         NORTON ROSE FULBRIGHT US LLP

                                            /s/ Arthur P. Licygiewicz

                                            Arthur P. Licygiewicz
                                            Ohio Bar No. OH 0068458
                                            art.licygiewicz@nortonrosefulbright.com
                                            Brett C. Govett
                                            State Bar No. 08235900
                                            brett.govett@nortonrosefulbright.com
                                            Brandy S. Nolan
                                            State Bar No. 24070337
                                            brandy.nolan@nortonrosefulbright.com
                                            Norton Rose Fulbright US LLP
                                            2200 Ross Avenue, Suite 3600
                                            Dallas, Texas 75080
                                            Tel:  214-855-8000
                                            Fax:  214-855-8200

                                            *Attorneys for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 14, 2021, the above document was filed via the Court's CM/ECF electronic filing system, which served the document on counsel of record who have appeared and consented to electronic service.

                                            /s/ Arthur P. Licygiewicz
                                            Arthur P. Licygiewicz